UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIA SILBAUGH,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No: 6:19-mc-23-Orl-37TBS

CENSTAR ENERGY CORP.,

    Defendant.

## ORDER

    Pending before the Court is Plaintiff Tia Silbaugh's Motion to Compel Compliance with Subpoena *Duces Tecum* and Order to Show Cause Why Third Party Total Marketing Concepts, Inc. Should Not Be Held in Contempt (Doc. 1). Even though no response has been filed by any party the motion is **DENIED.**

    Plaintiff represents that she is the class representative in certain litigation alleging violations of the Telephone Consumer Protection Act pending in the Northern District of Ohio (Id., at 1). In that case, she propounded discovery to Defendant, and it identified Total Marketing Concepts, Inc. ("TMC") as one of its vendors (Id., at 2; Doc. 1-3 at 5; Doc. 1-4, ¶ 4). Plaintiff's lawyer says he then "discovered that TMC is a business operated and registered as a limited liability company in the State of Florida, with its principal place of business located at 4395 St. Johns Parkway, Sanford, Florida." (Doc. 1 at 2; Doc. 1-4, ¶ 7). Despite this discovery, Plaintiff subpoenaed the corporation (Doc. 1-6 at 2). The return of service states that service was had by delivery to "Andrea Jackson as Receptionist for Total Marketing Concepts, Inc. at the address of 4395 St. Johns Parkway, Sanford, Seminole County, Florida 32771." (Doc. 1-7). The corporation has not responded to the

subpoena. Now, Plaintiff moves this Court for an order compelling production of the documents from the limited liability company and that it be required to show cause why it should not be held in contempt for its failure to comply with the subpoena duces tecum (Doc. 1 at 1). The Court is not aware of any reason why the limited liability company can or should be held in contempt for failing to comply with a subpoena directed to the corporation.

Public records kept by the state of Florida Division of Corporations[1] show that the corporation and limited liability company are both active business entities. If Plaintiff sought to compel the subpoena against the corporation then state records show that on January 14, 2019, the date of purported service on TMC, it had a registered agent – Christopher Hayes, 2 South Orange Avenue, 5th Floor, Orlando, Fl. 32801. Plaintiff has failed to show that any attempt was made to serve this registered agent or any corporate officer or director, or that service on the receptionist is otherwise adequate for present purposes.[2]

---

[1] https://dos.myflorida.com/sunbiz/search/

[2] Florida Statutes permit *process* to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) in the absence of the above, the cashier, treasurer, secretary, or general manager; (c) in the absence of the above, any corporate director; (d) in the absence of the above, any officer or business agent residing in Florida; (e) or an agent designated by the corporation under FLA. STAT. 48.091. See FLA. STAT. § 48.081. Section 48.091 provides:

(1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.

(2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

If Plaintiff was unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091 then "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

Consequently, after due consideration, the Court finds that Plaintiff is not entitled to relief against either entity.

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

---

There is case law indicating that Rule 45 does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the witness. See TracFone Wireless, Inc. v. SCS Supply Chain LLC, 19-20604, 2019 WL 1323116, at *3 (S.D. Fla. Feb. 22, 2019) (collecting cases). Nonetheless, there is no showing that service on a receptionist instead of any of the corporate officers or agents identified by Florida law is reasonably calculated to ensure receipt by the corporation, especially considering Plaintiff seeks contempt sanctions.